UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
JAMES VAN PRAAGH,                          :

              Plaintiff,           :

    - against –                               :     Case No. 2:13-cv-00375 (ADS) (AKT)

LYNN GRATTON,                               :

           Defendant.          :
--------------------------------------------------X


**MEMORANDUM OF LAW OF DEFENDANT**
**LYNN VAN PRAAGH GRATTON**
**SUED HEREIN AS LYNN GRATTON**
**IN SUPPORT OF HER MOTION TO DISMISS**



**MARK S. FREY**
119 Fifth Avenue
New York, New York 10003
Telephone: (212) 684-3929
Facsimile: (212) 586-5175


*Attorney for Defendant*
*Lynn Van Praagh Gratton*
*Sued Herein as Lynn Gratton*

## TABLE OF CONTENTS

                                                                                          Page

TABLE OF AUTHORITIES.................................................................................ii

THE COMPLAINT..........................................................................................1

ARGUMENT – THE COMPLAINT MUST BE DISMISSED ....................................4

    A.  Plaintiff Has Failed to State a Claim for Trademark Infringement .....................4
    B.  Plaintiff Has Failed to State a Claim for False Designation of Origin.................10
    C.  Plaintiff Has Failed to State a Claim for Dilution.........................................11
    D.  Plaintiff Has Failed to State a Claim for Deceptive Acts and Practices Under
        N.Y.Gen.Bus.Law §349.....................................................................13
    E.  Plaintiff Has Failed to State a Claim for Common Law
        Trademark Infringement and Unfair Competition ...................................... 15

CONCLUSION ...........................................................................................16

i

## TABLE OF AUTHORITIES

Page

**Cases**

*Abraham Zion Corp. v. Lebow*
    761 F.2d 93 (2nd Cir. 1985)……………………………………………...…...7, 8

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S.Ct. 1937 (2009)……………………………….......6, 10

*Bell Atlantic v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)…………………….……..6

*Bertuglia v. City of New York*
    839 F.Supp.703 (S.D.N.Y. 2012)…………………………………………….7

*Brennan's Inc. v. Brennan's Restaurant, LLC*
    360 F.3d 125 (2nd Cir. 2004)…………………..…………………………….11

*Chambers v. Time Warner, Inc.*
    282 F.3d 147 (2nd Cir. 2001)……………………………………………….7

*Christopher D. Smithers Found., Inc. v. St. Luke's-Roosevelt Hosp. Ctr.*
    No. 00-CV-5502, 2003 WL 115234, 2003 U.S. Dist. LEXIS 373 …………………….......13

*Gaidon v. Guardian Life Ins. Co.*
    94 N.Y.2d 330, 704 N.Y.S.2d 177, 725 N.E.2d 598……………………………....13

*Ganino v. Citizens Utilities Co.*
    228 F.3d 161 (2nd Cir. 2000)…………………………………..………………..6

*Iqbal v. Hasty*
    490 F.3d 143 (2nd Cir. 2007)……………………………………………….9

*Johnny's Fine Foods, Inc. v. Johnny's Inc.*
    286 F.Supp 876 (M.D. Tenn. 2003)…..………………………………………….7

*L.E. Waterman Co. v. Modern Pen Co.*
    235 U.S. 88, 35 S.Ct. 91, 92, 59 L.Ed 142 (1914)…..………………………………8

*M. Fabrikant & Sons v. Fabrikant Fine Diamonds,*
    17 F.Supp. 1998 (S.D.N.Y. 1998)................................................................7

*New York Stock Exch., Inc. v. New York, New York Hotel, LLC*
    293 F.3d 550 (2nd Cir. 2002)...............................................................13

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,*
    85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741.....................................13, 14

*Savin Corporation v. The Savin Group*
    391 F.3d 439 (2nd Cir. 2004) ..............................................................12

*S&L Vitamins v. Australian Gold*
    521 F.Supp.2d 188 (E.D.N.Y. 2007).....................................................12, 13

*Small v. Lorillard Tobacco Co.*
    94 N.Y.2d 43, 698 N.Y.S.2d 615, 720 N.E.2d 892.........................................13

*Stutman v. Chemical Bank*
    95 NY2d 24, 709 N.Y.S.2d 892 (2000)...................................................13

*Taylor Wine Co., Inc. v. Bully Hill Vineyards, Inc.*
    569 F.2d 731 (2nd Cir. 1978)...............................................................7, 8

*TCPIP Holding Co. v. Haar Commuc'ns Inc.,*
    244 F.3d 88, 97, 98 (2nd Cir. 2001).......................................................12

**Other Authorities**

Givens, *Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 19,* General Business
    Law § 349...................................................................................14

*The Law of Unfair Competition, Trademarks and Monopolies* § 21.36 (L. Altman 4th ed.
    1984).......................................................................................8

1 J. McCarthy, *Trademarks and Unfair Competition* § 13.2 ...................................8

## THE COMPLAINT

A copy of the Complaint (herein the "Complaint") is attached to the moving Declaration of Mark S. Frey dated March 4, 2013 ("Frey Decl.") as exhibit "A".

This is a case filed by a brother against his sister, alleging that she is committing trademark infringement by using the family surname of *Van Praagh*. Plaintiff James Van Praagh (herein "Plaintiff" and/or "James") makes this claim against his sister, the Defendant Lynn Van Praagh-Gratton sued herein as Lynn Gratton (herein "Defendant" and/or "Lynn"), despite the fact that the family surname of "Van Praagh" is not, and never has been, trademarked.

The complaint alleges that Plaintiff, a spiritual medium, has trademarked *his entire name* – his first name *and* his surname – together; *see* Frey Decl. exhibit "A", ¶12.

Attached to the complaint as exhibit "A" are copies of two trademark registrations, each recently issued by the United States Patent and Trademark Office on October 30, 2012, for the service mark as follows:

JAMES VAN PRAAGH

In the complaint the word Trademark is plead as a specifically defined term. Specifically the complaint alleges in paragraph 7: "For more than 20 years, Van Praagh has provided spiritual medium services in connection with his name and trademark, JAMES VAN PRAAGH ("Trademark").

Having so defined the term Trademark, Plaintiff – in what can only be described as legal sleight of hand - then alleges that Lynn, Plaintiff's sister, has been improperly using the VAN PRAAGH trademark (emphasis supplied); *see* Frey Decl. exhibit "A", ¶¶15, 16, 18 – 21; even though there is no such registered trademark.

In his complaint, Plaintiff states that Lynn is his sister, and that Van Praagh is her "maiden name"; *see* Frey Decl. exhibit "A", ¶13.

The complaint further alleges that Lynn married Dennis Gratton on August 28, 1970, and thereupon "changed her surname to Gratton"; *see* Frey Decl. exhibit "A", ¶13.

What Plaintiff deliberately leaves out of his complaint is the fact that Dennis Gratton, a retired New York City Police Department Homicide Detective, committed suicide on June 7, 2000, and that Lynn has been a widow ever since; *see* Affidavit of Lynn Van Praagh-Gratton sworn to on March 4, 2013, ¶3-4, and submitted herewith; (herein "Van Praagh-Gratton Affidavit").

This fact is well known to Plaintiff, yet he fails to mention it in his complaint, for obvious reasons.

As set forth in Lynn's affidavit, it was not until her husband's death that she began to embrace her gift and commence sharing it with those in need; *see* Van Praagh-Gratton Affidavit, ¶ 5.

In 2005, the senior Mr. Van Praagh, the father of the parties herein died; *see* Van Praagh-Gratton Affidavit, ¶ 7.

Having by then been a widow for five years, and in honor of her recently deceased father, Lynn began to resume use of her family name; *see* Van Praagh-Gratton Affidavit, ¶ 8.

The complaint alleges that in 2010, Lynn began providing her own spiritual medium services using the Van Praagh trademark, and that James objected and demanded that she cease using her family name and instead use her married name, despite the fact

that by that point in time Lynn had been an unmarried widow for over ten years; *see* Frey Decl. exhibit "A", ¶15, 16; *see also* Van Praagh-Gratton Affidavit, ¶ 10.

The allegations are problematic on their face since: (a) there is not - and there never has been - a registered Van Praagh trademark, and (b) the JAMES VAN PRAAGH Trademark was not registered until October 30, 2012; *see* trademark registrations attached as exhibit "A" to the complaint; Frey Decl., exhibit "A".

As set forth in Lynn's Affidavit, as her profile and reputation grew Plaintiff became jealous, and in 2010 he did in fact call his sister to demand that she cease using her name. Although Lynn felt that her brother's demand was unjustified, she also believed in promoting family peace and harmony, and so she told James that in an effort to make him happy she would: (a) use Van Praagh-Gratton as her surname; (b) hold herself out professionally as Lynn Van Praagh-Gratton, and (c) not use Plaintiff's name in connection with her services; *see* Van Praagh-Gratton Affidavit, ¶ 13.

These facts are somewhat begrudgingly acknowledged in the complaint, in which it is alleged that Plaintiff has provided spiritual medium services under both Lynne Van Praagh and Lynn Van Praagh-Gratton; *see* Frey Decl. exhibit "A", ¶17, 18.

What is left unsaid and unexplained in the complaint is that Defendant went from using Lynne Van Praagh to using Lynn Van Praagh-Gratton specifically in order to address Plaintiff's concerns, and that he did not raise any further objections until shortly before he filed this lawsuit; *see* Van Praagh-Gratton Affidavit, ¶ 13.

The complaint alleges that Lynn has registered the domain names of www.lynnievanpraagh.com and www.lynnievanpraaghgratton.com; *see* Frey Decl. exhibit "A", ¶17, 18.

3

The Court is invited to visit Lynn's website. As previously agreed with Plaintiff, Lynn uses the name Lynn Van Praagh-Gratton on the website. A copy of the web site is attached to the Frey Declaration as exhibit "B". In her web site, Lynn does not once make mention of James.

The complaint then goes on to allege that "on information and belief" Lynn is using the "Van Praagh name/trademark to intentionally deceive consumers" and that "*on information and belief*, Gratton's unauthorized use of the Van Praagh mark has caused actual consumer confusion"; *see* Frey Decl. exhibit "A", ¶¶26, 30 (emphasis supplied).

The complaint does not contain even one specific instance where anyone seeking the spiritual medium services of James was allegedly confused, mistaken or deceived into accepting the services of Lynn instead.

## ARGUMENT

### I.      THE COMPLAINT MUST BE DISMISSED

#### A.      Plaintiff Has Failed to State a Claim for Trademark Infringement

The complaint in this case alleges that the Defendant has infringed a trademark that simply does not exist.

The essence of Plaintiff's complaint is that Lynn, a widow now for over thirteen years, is no longer using her married name, and that the use of her family name is infringing upon Plaintiff's Trademark of JAMES VAN PRAAGH.

The problem with Plaintiff's claim is that the family name of Van Praagh has never been trademarked, and the complaint is devoid of any allegations or claims supported by any facts that the family surname itself, separate and apart from the use of it in conjunction with Plaintiff's first name, has any secondary meaning at all.

4

Even if the court at this initial stage of this lawsuit were, for the purposes of this motion only, to credit any claim of secondary meaning to the Van Praagh name, Plaintiff does not claim that he owns any rights to any such trademark, or that he has any exclusive rights to the use of the family surname.

Indeed, even if "Van Praagh" had secondary meaning as a family surname that is associated with spiritual mediums, then that is all the more reason why any particular member of the family would need to identify themselves specifically by use of a first name – which is precisely what both James and Lynn are each doing.

In addition, Plaintiff's complaint that Lynn has failed to take steps to distinguish herself from her brother in her use of their common family surname is demonstrably false; *see* Frey Decl. exhibit "A", ¶27 *and* Van Praagh-Gratton Affidavit, ¶ 13.

Lynn has agreed to hyphenate her family name with her married name, and use it solely in conjunction with her first name. Lynn has agreed not to use Plaintiff's name in any marketing or advertising materials.

Despite the fact that Defendant has taken reasonable precautions to prevent confusion between herself and her brother, Plaintiff still complains that Lynn is using her family surname in any capacity whatsoever. He does so even though neither party is holding themselves out under the "Van Praagh" banner; *i.e.*; neither James nor Lynn are marketing their services in such manner as "Van Praagh Spiritual Services" or as part of a group known as "Van Praagh Spiritual Mediums".

Each party is specifically identifying themselves using their different first names, and in Lynn's case she is hyphenating Van Praagh with her married name of Gratton to further distinguish herself.

5

It is true that when faced with a motion to dismiss the Court must construe the pleading liberally in the pleaders favor, and presume that all well plead allegations are true; *Ganino v. Citizens Utilities Co.*, 228 F.3d 161 (2nd Cir. 2000).

However, in the case of *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the United States Supreme Court held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (internal citations and quotations omitted). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations omitted). Where a party has not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. at 1974; *see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937* (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)").

In addition, in construing a pleading the Court may consider documents that were relied upon by Plaintiff in framing the complaint, documents that are clearly in Plaintiff's possession or matters of which judicial notice maybe taken; *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2nd Cir. 2001); *Bertuglia v. City of New York*, 839 F.Supp.703 (S.D.N.Y. 2012).

In cases involving surname marks, the courts have consistently held that two marks containing identical surnames are not confusingly similar where the junior mark has included a first name in the mark; *Abraham Zion Corp. v. Lebow*, 761 F.2d 93 (2nd Cir. 1985); *Taylor Wine Co., Inc. v. Bully Hill Vineyards, Inc.*, 569 F.2d 731 (2nd Cir. 1978); *M. Fabrikant & Sons v. Fabrikant Fine Diamonds*, 17 F.Supp. 1998 (SDNY 1998); *see also Johnny's Fine Foods, Inc. v. Johnny's Inc.*, 286 F.Supp.876 (M.D. Tenn. 2003) (confusion not likely between JOHNNY and JOHNNY FLEEMAN'S, both as applied to barbeque sauce, with the court stating: "This mark also happens to be a personal name, the use of which on an individual's goods was historically considered to be 'a personal and inalienable birthright,' and which even now is enjoined only to the extent actually necessary to prevent confusion.").

For example, in the case of *Abraham Zion Corp. v. Lebow*, 761 F.2d 93 (2nd Cir. 1985), the court refused to enjoin a junior user from using the mark HARRY LEBOW for apparel as against the senior user's LEBOW mark.

In *M. Fabrikant & Sons v. Fabrikant Fine Diamonds*, 17 F.Supp. 1998 (SDNY 1998) the plaintiff owned the mark FABRIKANT for jewelry. The court allowed the

defendants to use their surname Fabrikant in connection with jewelry provided that there was a first name in front of it.

In the *Abraham Zion Corp. v. Lebow* case; *supra*; the Second Circuit discussed cases involving common surnames and stated:

> "Personal names used as trademarks are generally regarded as descriptive terms, not arbitrary or fanciful terms; they are thus protected only if, through usage, they have acquired distinctiveness and secondary meaning. See 3A R. Callmann, *The Law of Unfair Competition, Trademarks and Monopolies* § 21.36, at 145–46 (L. Altman 4th ed. 1984) ("An individual name is rather similar to a descriptive word, in the sense that it might properly be regarded as a convenient description of the fact that the named individual is or was affiliated with the firm."); 1 J. McCarthy, *Trademarks and Unfair Competition* § 13.2, at 578. A "guiding principle," established by the Supreme Court in trademark cases involving the use of surnames, is that "[o]nce an individual's name has acquired a secondary meaning in the marketplace, a later competitor who seeks to use the same or similar name must take 'reasonable precautions to prevent the mistake.'" *Taylor Wine Co. v. Bully Hill Vineyards, Inc.*, 569 F.2d 731, 734 (2d Cir.1978) (quoting *L.E. Waterman Co. v. Modern Pen Co.*, 235 U.S. 88, 94, 35 S.Ct. 91, 92, 59 L.Ed. 142 (1914))."

In this case of course, Plaintiff's claim is entirely different from those set forth above. Unlike those Plaintiff's, *James does not own the family surname as a trademark.* Instead, he owns his own entire name – first name in combination with his last - as a trademark, and is claiming a trademark infringement arising out of Lynn's use of her own entire name – first name in combination with her hyphenated last name.

The differences between the names are clear and obvious.

Each party uses a first name, which clearly differentiates them. One name, James, clearly refers to a male, and the other name, Lynn, clearly refers to a female.

Van Praagh and Van Praagh-Gratton further differentiate each party from the other.

Moreover, the parties to this lawsuit are both engaged in providing a highly individualistic type of service. The services that both Plaintiff and Defendant provide are unique to them as individuals.

In this instance, it is not that the *Van Praagh* surname that is significant. It is the fact that *JAMES* Van Praagh or *LYNN* Van Praagh is providing the service that is of significance, despite the bare conclusory formulaic allegations contained in the complaint.

Even if Plaintiff were to prove some sort of sole right to use of the family surname there is simply no legally cognizant claim for trademark infringement that has been plead in this case arising out of Lynn's use of the family surname in conjunction with her first name and married name.

Stated another way, Lynn has already taken reasonable precautions to prevent any confusion in the marketplace, which confusion in any event Plaintiff claims to exist only "on information and belief"; *see* Frey Decl. exhibit "A", ¶30.

Given the highly individual type of services being offered by James and Lynn, it is highly unlikely that anyone would confuse James Van Praagh with Lynn Van Praagh-Gratton. Indeed, in his complaint Plaintiff has not offered even one such example, and Lynn is unaware of any such incident; *see* Van Praagh-Gratton Affidavit, ¶ 19.

Given this set of circumstances, and the "information and belief" type of allegations concerning actual consumer confusion, it is clear that Plaintiff has failed to amplify his claims with any factual allegations in a context "where such amplification is needed to render the claim *plausible*"; *Iqbal v. Hasty*, 490 F.3d 143 (2nd Cir. 2007) (emphasis in original), and therefore his claim should be dismissed.

**B.**   **Plaintiff Has Failed to State a Claim for False Designation of Origin**

Plaintiff's Lanham Act claim also fails as a matter of law.

Plaintiff alleges that *"on information and belief"* Lynn "is using the VAN PRAAGH name/trademark only to mislead and deceive a substantial segment of customers as to the affiliation, connection or association with Van Praagh, or to imply his approval of her services", and that *"on information and belief,* consumers have been mislead and deceived by [Lynn's] false designation of origin and representations"; *see* Frey Decl. Exhibit "A", ¶¶34, 35 (emphasis supplied).

These allegations are not supported by any factual allegations – well plead or otherwise. No advertisements are attached or referenced in the complaint. No marketing materials are produced or referenced in which Lynn makes or even implies such a connection. There is no reference to even one single individual who has been "mislead" or "deceived" into accepting Lynn's services as opposed to Plaintiff's.

Instead, the claim is based on the pure speculation that persons seeking the services of James Van Praagh are mistakenly obtaining the services of Lynn Van Praagh-Gratton.

However, as set forth in *Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937* (2009), such type of conclusory legal allegation unsupported by any facts which tend to demonstrate that such conclusion is plausible, and not merely possible, "[do] not unlock the doors of discovery"; 556 U.S.2d at 678.

Moreover, even if Plaintiff is upset because he believes that persons seeking the services of a spiritual medium are only using Lynn's services because she is the sister of

Plaintiff and shares his last name, such mere concerns alleged without any supporting facts whatsoever do not rise to the level of a Lanham Act claim.

While the law may be rightfully protective of allowing one person to trade on the reputation or name of another, the law also recognizes that one's surname, given at birth, is equally entitled to strong protection. Stated another way, while Plaintiff may be entitled to protect himself from unfair competition, he may not unfairly deny another the right to compete because of a similarity in names; *Brennan's Inc. v. Brennan's Restaurant, LLC*, 360 F.3d 125 (2nd Cir. 2004) ("For our purposes in deciding this appeal, for example, it would be incorrect to insist that defendant is always entitled to use his own name in business, and it is equally incorrect to maintain that defendant is never entitled to the use of his own name to compete with the same and perhaps more famous business name of plaintiff.")

In the absence of any specific factual allegation which would show that Lynn has used her name Lynn Van Praagh-Gratton in a manner which may plausibility be seen as unfair, Plaintiff's complaint is merely that Lynn is using her name, and that such use may conceivably mislead, confuse or deceive some persons.

It is respectfully submitted that such speculation is not enough to state a claim for relief under the Lanham Act, and such claim should be dismissed.

C.     **Plaintiff Has Failed to State a Claim for Dilution**

Plaintiff does not specify in his complaint whether he is seeking damages for dilution under federal law or state law. Notwithstanding, like his other claims in this case, Plaintiff's claim for dilution does not withstand pleading scrutiny.

11

Plaintiff alleges that Lynn "is a junior user of the VAN PRAAGH name and trademark" and that her "use of the VAN PRAAGH name and trademark is diluting and likely to dilute the Trademark"; *see* Frey Decl. Exhibit "A", ¶¶41, 43.

Plaintiff deliberately conflates the Van Praagh surname (which he plead as the name and trademark using the lower case "t"), with the actual JAMES VAN PRAAGH Trademark.

As with the other claims in this case, there are no factual allegations set forth in the complaint from which the court may consider that the Van Praagh surname – as opposed to the JAMES VAN PRAAGH Trademark – has any distinctive or acquired secondary meaning.

Indeed, the fact that Plaintiff did not obtain a registration for Van Praagh is indicative of the fact that most likely such a trademark could not be obtained.

Although the Trademark Dilution Act of 2006 ("TDRA") replaced the Federal Trademark Dilution Act ("FTDA") it still appears to be the law that in order to establish an essential element of the claim, the complaining party must establish that his mark is famous in the general marketplace, and not just famous in a niche market. In *S&L Vitamins v. Australian Gold*, 521 F.Supp.2d 188 (EDNY 2007) the court stated:

> "It is well settled in this Circuit that to establish that a mark is famous, as required by the FTDA, "a plaintiff must show that the senior mark possesses both a 'significant degree of *inherent* distinctiveness' and ... 'a high degree of ... *acquired* distinctiveness.'" *Savin Corp.,* 391 F.3d at 449 (*quoting TCPIP Holding. Co. v. Haar Commuc'ns Inc.,* 244 F.3d 88, 97, 98 (2d Cir.2001)) (emphasis and alteration in original). Fame is the key element in a FTDA claim. *Savin Corp.,* 391 F.3d at 449. Generally,
>
> > [t]he degree of fame required for protection under the FTDA must exist in the general marketplace, not in a niche market. Thus, fame limited to a particular channel of trade,

12

segment of industry or service, or geographic region is not sufficient to meet this standard.

*Id.* at 450 n. 6 (*quoting Christopher D. Smithers Found., Inc. v. St. Luke's–Roosevelt Hosp. Ctr.*, No. 00–CV–5502, 2003 WL 115234, 2003 U.S. Dist. LEXIS 373, at (S.D.N.Y. Jan. 13, 2003) (in turn *citing TCPIP Holding*, 244 F.3d at 99))."

The complaint is wholly devoid of any allegations concerning the fame of the Van Praagh family name, as opposed to allegations concerning the fame of the Plaintiff James Van Praagh.

To state a dilution claim under New York State law, Plaintiff must show (1) that he possesses a distinctive trademark, and (2) that Lynn's use of his trademark results in a likelihood of dilution; *S&L Vitamins v. Australian Gold*, 521 F.Supp.2d 188, 211 (EDNY 2007) *citing New York Stock Exch., Inc. v. New York, New York Hotel, LLC*, 293 F.3d 550, 557 (2d Cir.2002).

Again, Plaintiff's complaint fails in that there are no allegations that Lynn has used the JAMES VAN PRAAGH Trademark, and there are no specific factual allegations concerning any secondary meaning that may have been acquired by the family Van Praagh surname.

**D.    Plaintiff Has Failed to State a Claim for Deceptive Acts and Practices Under N.Y.Gen.Bus.Law §349**

As set forth by the New York State Court of Appeal in the case of *Stutman v. Chemical Bank*, 95 NY2d 24, 709 N.Y.S.2d 892 (2000):

"A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act (*see, Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741; *see also, Gaidon v. Guardian Life Ins. Co.*, 94 N.Y.2d 330, 344, 704 N.Y.S.2d 177, 725 N.E.2d 598; *Small v. Lorillard Tobacco Co.*,

94 N.Y.2d 43, 55–56, 698 N.Y.S.2d 615, 720 N.E.2d 892). Whether a representation or an omission, the deceptive practice must be "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, supra,* at 26, 623 N.Y.S.2d 529, 647 N.E.2d 741). A deceptive practice, however, need not reach the level of common-law fraud to be actionable under section 349 (*see, Gaidon v. Guardian Life Ins. Co., supra,* at 343, 704 N.Y.S.2d 177, 725 N.E.2d 598). In addition, a plaintiff must prove "actual" injury to recover under the statute, though not necessarily pecuniary harm (*see, Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, supra,* at 26, 623 N.Y.S.2d 529, 647 N.E.2d 741; *see also,* Givens, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 19, General Business Law § 349, at 565)."

Plaintiff's claim that Lynn's use of her surname Van Praagh is likely to mislead a "reasonable consumer acting reasonably under the circumstances" is not only unsupported by any factual allegations whatsoever, it is unreasonable on its face. The so-called "reasonable consumer test" may be determined by the court as a matter of law in appropriate cases; *Austin v. Albany Law School,* 957 N.Y.S.2d 833, 2013 WL 45884 (SupCt Albany Co. 2013), citing *Oswego Laborers' Local 214 Pension Fund,* 85 N.Y.2d 20 at 26, 623 N.Y.S.2d 529, 647 N.E.2d 741.

The fact that James and Lynn are brother and sister and are part of the same family is not misleading, it is a fact. Even if it could somehow be viewed as misleading, it is certainly not misleading in a material way. Any reasonable consumer of the services being offered by both parties who is acting in a reasonable way is not likely to be deceived into doing anything that they would not have done otherwise.

Here, Lynn's allegedly deceptive act is aimed at a group of consumers who may be presumed to be familiar and sophisticated with the unique type of service that is being offered. "As such, this case is unlike those involving representations made to the general

14

public in connection with the sale of modestly priced consumer goods"; *Austin v. Albany Law School*, 957 N.Y.S.2d 833, 2013 WL 45884 (SupCt Albany Co. 2013).

Moreover, the complaint fails to specify what "actual injury" would be incurred by a consumer who decided to use Lynn's services due to the fact that she shares a surname with Plaintiff.

This count should be dismissed.

**E.     Plaintiff Has Failed to State for Common Law**
        **Trademark Infringement and Unfair Competition**

The foundation of New York common law of unfair competition is "the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516, 950 N.Y.S.2d 333, 973 N.E.2d 743 (2012) (quoting *Miller v. Schloss*, 218 N.Y. 400, 407, 113 N.E. 337 (1916)). An unfair competition claim under New York common law "must be grounded in either deception or appropriation of the exclusive property of the plaintiff." *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1025 (2d Cir.1989). New York precedent establishes that unjust enrichment includes "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Georgia Malone*, 19 N.Y.3d at 516, 950 N.Y.S.2d 333, 973 N.E.2d 743.

This count of the complaint, like the others, is grounded in the fact that Defendant is using her last name. Plaintiff is alleging that this is deceptive because Lynn had no other reason to resume use of her family surname other then to deceive consumers or enrich herself by association with her own family name of Van Praagh.

Of course, in framing his complaint Plaintiff conveniently failed to mention the fact that his sister Lynn is a widow, and had been widowed by virtue of her husband's suicide for over a decade by the time Plaintiff first raised his objections in 2010 to Lynn's use of the family surname.

If anyone has been acting deceptively, perhaps it is Plaintiff, who omits the fact of his brother-in-law's suicide from this lawsuit, although he has used it as material, without his sister's prior permission or consent, in one of his books.

In addition, Plaintiff's claim that Lynn has wrongfully appropriated the exclusive property of Plaintiff in order to unjustly enrich herself is not only deeply offensive, it has no basis in law or fact.

Plaintiff has not set forth in his complaint any facts at all from which it may be inferred that he has any sort of exclusive claim or exclusive right to the Van Praagh family surname, and this case should be dismissed.

## CONCLUSION

For the reasons set forth above, this Court should dismiss this case in its entirety, and grant such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
      March 4, 2013

MARK S. FREY (MF 3929)
119 Fifth Avenue
New York, N.Y. 10003
(212) 684-3929

*Attorney for Defendant*
*Lynn Van Praagh-Gratton*

16